# Wyant *versus* Dieffendafer.

1. A *cestui que trust*, after she arrives at her majority, can maintain an action in her own name, for waste to her premises, without a conveyance to her of the legal title, even though there be a provision in the trust deed, that they shall be conveyed to her.

2. The Statute of Limitations does not run in favor of a trustee of a minor *cestui que trust*, to bar a recovery for waste committed by him on the trust estate, during her minority, more than six years before the commencement of the suit.

ERROR to the Court of Common Pleas of *Franklin county*.

This was an action brought by Emanuel Dieffendafer, and Catharine, his wife, for the use of said Catharine, against Jacob E. Wyant.

.The facts fully appear in the following charge of the court, by KIMMEL, J., on the trial in the court below, and is adopted as the statement of the case.

"This is an action on the case in the nature of waste, in which plaintiff complains that the defendant removed a barn, cut and destroyed thirty acres of timber, and permitted the house and fences to decay. John Wyant, the grandfather of Catharine, executed a deed of trust on the 2d September, 1831, to John Bonebreak and Jacob E. Wyant for a tract of land, upon which it is charged the waste was committed, containing fifty-eight or fifty-nine acres. The trust was to John S. Wyant, a dissipated son of the grantors. The trustees were to permit John to have the possession and enjoyment of the land, and to receive all the profits during life, if he thought proper to reside on it, and if not, the trustees were to secure the rents and profits to his children; and at John's death, they were to convey the land to his heirs. This deed, it is alleged, was delivered to John Bonebreak, one of the trustees, in the latter part of the month of September, 1838, and that the trustees accepted the trust. On the 16th of August, 1838, the grantor made his will; admitted to probate 20th October, 1839, in which he speaks of this deed of trust as follows:—'I give and bequeath to my son John, a life estate in the tract of land on which he resides, in conformity with a deed of trust executed by me to him,' and adds that the land was to pass to John's children at his death.

"John S. Wyant died about the 1st January, 1854, leaving two children, Catharine, the plaintiff, being one. She was born (if the evidence is believed,) February, 1829, and attained her legal majority in 1850.

"On the 16th October, 1838, John Wyant made, executed and delivered a deed to John S. Wyant for the fee simple of the land. It is alleged that John lived on the land, and that part of his personal property was in the house at his death.

"David Good & Co., obtained judgment against John S. Wyant, in the Common Pleas of this county, for $138.36, to October Term, 1845, No. 6. Upon this judgment a *fi. fa.* issued to August Term, 1846, No. 9. Sheriff levied on John's life-estate in the land.

"The plaintiffs, on the 6th of October, 1846, petitioned the court for the appointment of a sequestrator. C. G. French was appointed, to whom the court gave instructions to sell defendant's interest—a writ issued for that purpose, and in obedience to its mandates, French sold the estate to John B. Wyant for

[Wyant *v.* Dieffendafer.]

$21.30, on the 14th November, 1846. This sale was approved of by the court, and the sequestrator directed to make a deed to the purchaser, which was done 5th April, 1848.

"The plaintiff alleges that these proceedings were the result of the advice and contrivance of defendant. That although the deed was made to his son, yet he was the real purchaser. That he engaged Mr. Zigler to bid it off at the sale for him, and furnished the purchase-money, that his son was not even present, when the sale took place; that the purpose of the defendant was to get the possession of the land, so that he might spoil it of everything valuable upon it. It is also alleged that he took possession, in part, of the premises as far back as 1843, and continued there until 1854, and during that period, committed the wrongs, for which damages are claimed. The plaintiff says she is entitled to recover the utmost farthing, inasmuch as these injuries were committed by defendant with a full knowledge of her rights. He, as one of the trustees, assumed the duties, took counsel as to the nature of the deed, and the estate granted by it; had it recorded; notified other persons not to cut the timber on the land—attended before a magistrate in an action, in which the trustees were plaintiffs, against a trespasser for cutting timber on the land—recovered a judgment, and received the money; and that after all this knowledge, he entered upon the land, and committed waste to the amount of $3000 or $4000.

"The defendant's counsel say there can be no recovery here, for reasons assigned in the following points submitted by them."

The answers to the first and fourth points raise the question, upon which the errors are assigned in this court, and hence only are given.

"1. That the deed of trust from John Wyant to John Bonebreak and Jacob E. Wyant, for the premises on which the alleged waste was committed, requiring a conveyance of the premises to be made by said trustees, at the death of John S. Wyant, to his heirs, no action can be sustained by the present plaintiffs, without showing such a conveyance to Catharine; and no such deed having been shown in this case, the verdict must be for defendant.

"4. That no recovery can be had in this action, if a recovery can be had at all, except for damages and injury actually done to the premises, by the defendant, within the six years immediately preceding the bringing of this action."

Which the court answered as follows:

1. "The delivery of the deed of trust is a question for the jury to determine from the evidence in the case. If the deed was delivered by the grantor to John Bonebreak, one of the trustees, in September, 1838, and the trustees accepted the trust,

[Wyant *v.* Dieffendafer:]

it could not thereafter be revoked without the consent of all the parties interested in the estate granted. This was not obtained. Mr. Bonebreak declares that he assumed and executed the duties of trustee during the whole period, to the best of his abilities, and never consented to any revocation, (to say nothing of defendant's course,) and it is not even pretended that the consent of John S. Wyant's two minor children, (of whom plaintiff is one,) was obtained, though then in full life. If the jury find that the deed of trust was never delivered, the plaintiff cannot recover, because the deed executed and delivered by John Wyant to his son John, 16th October, 1838, gave him the absolute estate in the land, and plaintiff could have no claim until the death of her father, which occurred about the 1st January, 1854, since which time there is no claim. If, however, the deed of trust was delivered, the plaintiff has the right to recover, if waste was committed, notwithstanding the trustees never executed a conveyance to plaintiff. Under the facts in this case, she was entitled to one-half the inheritance, and the right of action follows.

4. " If the jury believe that Mrs. Dieffendafer was born in February, 1829, and arrived at her legal majority in 1850, then during her minority, the running of the Statute of Limitations was suspended, and she is entitled to recover from the last six years of her minority.

" If the jury find that waste was committed, in determining the question of damages, they must be governed by the permanent injury done to the freehold, judging from all the evidence in the case. We have already said, that she is entitled to re-recover from the last six years of her minority, if she arrived at age in February, 1850, one-half of which will be your verdict."

The foregoing answers were the errors assigned.

*Nill, Reilly,* and *Sharpe,* for defendant in error.—Under the trust created by this deed, the children of John S. Wyant could have no interest in the land until after his death. The trustees were to account for the profits, and were, " as soon as conveniently may be, after the decease of said John S. Wyant," to " convey said tract of land conveyed to them, to the next heirs of said John S. Wyant, then in being." This requires the trustees to act, and discriminate among the heirs of said John S. Wyant, who were living at his death. " The next heirs," would mean the nearest heirs—next means nearest or immediately succeeding—and if one of John S. Wyant's children, died before his or her father, and left children, the children of the one so dying, would not in comparison with the child living, be his or her next heir, and would have no interest in the land under said deed. In such an event, it would be the duty of said trustees

to ascertain "the next heirs," and to convey said property to them.   In accordance with this view of the case, the deed of trust would not, by force of the Statute of Uses and Trusts, of 27 Henry VIII., found in Robert's Digest, British Statutes, p. 412, give the descendants of said John S. Wyant a title to the land.   A conveyance from the trustees would be necessary, and as no conveyance was made to Catharine Dieffendafer, she has no title, and cannot maintain this action, and the court erred in instructing the jury, in answer to defendant's first point, that she could.   *Newil* v. *Saunders*, 1 Vern. 415; 2 Saund. 11, note 17; 11 Eng. Com. Law R. 4; 13 Id. 213; 33 Id. 55; 29 Id. 43; 34 Id. 187, 202; 31 Id. 143.   The court erred, in deciding that for six years immediately preceding the minority of C. Dieffendafer, the Statute of Limitations was suspended, and that she has a right to recover damages notwithstanding said plea.   This decision is on the construction of the Act of 27th March, 1713.

*Smith, McClelland*, and *Brewer*, for defendant in error.— By the deed, the fee passed to the children, and the trustees were merely the conduits through which the title flowed, without any power to retard its progress, or change its destination.

The trustees accepted the trust, and suppose it were necessary to convey to the children.   The defendant refused to convey to the children, thus disregarding his duty under the deed.   And can a trustee violate the duties of his office, and the terms of his authority, and then claim the benefit of his violation?   No one can take advantage of his own wrong.

If a stranger had injured the inheritance, during the minority of John S. Wyant's children, they could, by their guardian, have maintained an action.   Then why hold it necessary for the trustees to convey, before an action can be sustained against them for waste.

A reversioner may maintain an action against his tenant, or a stranger.   *Goodwright* v. *Vivian*, 8 East, 109; *Attersall* v. *Stevens*, 1 Taunt. 194; *Sprague* v. *Woods*, 4 W. & S. 195; *Heath* v. *Knapp*, 1 Barr, 491; *Kennedy* v. *Fury*, 1 Dall. 76; *Simpson* v. *Ammons*, 1 Bin. 177; *Cope* v. *Smith's Ex'rs*, 8 S. & R. 115; *Martzell* v. *Stouffer*, 3 P. R. 402; *Ashhurst* v. *Given*, 5 W. & S. 327; *Presbyterian Congregation* v. *Johnston*, 1 Id. 1; Rob. Dig. 417; 3 Saund. Rep. 252.

The Statute of Limitations is no bar to plaintiff's recovery in this action.   The first section of the Act of 27th March, 1713, says, "all actions of trespass, &c., actions upon the case," and in the proviso, "any person or persons, who is, or shall be entitled to any such action of trespass."   "Any such action of trespass," refers to, and includes actions on the case.   *Geoghean*

[Parsons v. Black.]

v. *Reid*, 2 Wh. 152; 1 Miles, 204; *Player* v. *Nichols*, 1 B. & C. 336; Coke, Lit. 290 b; *Work* v. *Work*, 2 Har. 318; 4 W. & S. 374; 10 Bac. Abr. 439, 440.

The opinion of the court was delivered July 16, 1856, by

LOWRIE, J.—That this deed establishes a technical trust is admitted, and the jury have found its delivery, and the fact and amount of the waste of the land by the defendant. Only two questions are brought up for decision here.

1. Can the equitable owners maintain this action, without having the title executed in them by a conveyance?

All our Pennsylvania modes of thinking, about equitable titles to land, require us to answer this question in the affirmative, as the court below did; and the counsel for the defendant in error, have cited authorities enough to establish this point.

2. Does the Statute of Limitations bar the claim for all the waste committed, more than six years before suit brought?

The learned judge of the Common Pleas said, that the minority of the plaintiff below prevented it from running, and perhaps this is right. But we need not put the answer on this reason alone. The waste was committed, before the plaintiff's title vested in possession, by one of her trustees, and during her minority. In this, the defendant did not profess to be acting under the trust. He was really violating rights, which his position as trustee bound him to protect. He was trustee of the remainder for her benefit, and ought to have seen that her estate was not wasted before coming to her possession. His position and her minority, unite in excluding him from the protection of the Statute of Limitations.

Judgment affirmed.